FLORIDA RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error*, v. N. H. THOMAS, *Defendant in Error*.

1. Pleas to a declaration in covenant denying performance by the plaintiff and repudiation by the defendant do not cast the burden of proof upon the defendant,

2. In covenant against a corporation upon a specialty it is error to charge upon the theory that the corporation may bind itself by an instrument not under seal.

This case was decided by Division A.

Writ of Error to the Circuit Court for Lafayette County.

The facts in the case are stated in the opinion of the court.

*Carter & McCollum,* for plaintiff in error;

*Hardee & Butler,* for defendant in error.

COCKRELL, J.—The defendant in error declared in covenant against the railway company, alleging that in May, 1906, the company contracted under seal to transport from certain points along the Suwanee river to Jacksonville or Fernandina cross-ties to be placed there by Thomas at the rate of sixteen cents a tie for a period of seven months beginning the first of June, but that the company failed and refused to transport the ties so laid during the months of June and July and in August entirely repudiated the contract. The declaration was demurred to and the demurrer overruled. This court is equally divided as to the correctness of that ruling and therefore the declaration is not set forth.

The pleas of the railway company upon which issue

was joined and the trial had were three: first, *non est factum;* second, denies performance by the plaintiff, and, third, denies repudiation.

As to the last two pleas the court erroneously ruled that they shifted the burden of proof upon the defendant. They are negative merely, denying in *totidem verbis* the affirmative averments of the declarations and we cannot conceive upon what theory the court held otherwise.

The court also erroneously charged the jury upon the theory that a corporation might bind itself otherwise than under seal. The charge was correct as an abstract proposition of law, but was misleading when given in an action in covenant founded upon a sealed instrument.

The instrument introduced in evidence as the cause of action does not purport to be under the official seal of the corporation, but in the form only of a priavte scrawl or scroll and was affixed not by an officer of the company who customarily has the custody and control of its seal, but by "T. P. Alston, supt." It appears in the evidence that Alston while superintendent of the physical properties of the railroad was not an officer of the corporation, and that the secretary of the corporation is the officer charged with the custody of the official seal which had been duly adopted. It is not shown that Alston theretofore or thereafter had attempted to bind the corporation by an instrument under seal and it would be too great a strain upon the evidence to say that it fairly tends to show that knowledge of this instrument was brought home to and ratified by the corporation, even if we should be able to declare the law to be that such ratification would subject it to an action in covenant.

For the error pointed out the judgment must be reversed as it appears reasonably clear that the plaintiff has mistaken his remedy, we shall not discuss the other assignments.

We feel it our duty, however, to say that from certain facts developed in this record it may be that this contract offends the public policy of this state as expressed in the railroad commission law, which forbids discrimination in the matter of freight rates in favor of individuals. See State *ex rel.* Attorney General v. Atlantic Coast Line R. R. Co., 51 Fla. 578, 40 South. Rep. 875.

The judgment is reversed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.